ACCEPTED
03-12-00726-CV
5331799
THIRD COURT OF APPEALS
AUSTIN, TEXAS
5/18/2015 11:35:01 PM
JEFFREY D. KYLE
CLERK

# IN THE COURT OF APPEALS
# THIRD DISTRICT OF TEXAS
# AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS

5/18/2015 11:35:01 PM

JEFFREY D. KYLE
Clerk

_____

## NO. 03-12-00726-CV

_____

## MARY LOUISE SERAFINE, Appellant

## v.

## ALEXANDER BLUNT & ASHLEY BLUNT, Appellees

_____

ON APPEAL FROM THE 200TH JUDICIAL DISTRICT COURT
OF TRAVIS COUNTY, TEXAS
CAUSE NUMBER D-1-GN-12-001270

_____

# APPELLANT'S MOTION FOR REHEARING
# RE: ATTORNEY FEES ON REMAND

_____

RAY BASS, ATTORNEY
SBN 01884000

120 West 8th Street
Georgetown, Texas 78626
Tel: 512-863-8788
Fax: 512-869-5090
Email:ray@raybass.com

ATTORNEY FOR APPELLANT

## STATEMENT OF THE CASE

Appellant sued the Blunts, her next door neighbors, contending that (1) the Blunts tore down a chain link fence that for at least 35 years had marked the boundary between appellant's property and the Blunt's property, and erected a new wooden fence that encroached upon appellant's land, and (2) the Blunts damaged appellant's land by hiring Scott Lockhart's company, Austin Drainage and Foundation, LLC., to dig a trench on or immediately adjacent to Appellant's land, and to install a drainage system that will destroy the lateral support of her land. In connection with her trespass to try title suit appellant filed a Notice of Lis Pendens in the Travis County property records.

The Blunts retaliated with two counterclaims against appellant which read as follows:

Tortious Interference with Contract: The Blunts had a valid contract with Austin Drainage and Foundation, LLC. Serafine willfully and intentionally interfered with that contract through threats and the filing of this lawsuit. Serafine's interference proximately caused injury to the Blunts, who incurred actual damage or loss.

Fraudulent Lien. Serafine has knowledge that the Lis Pendens she has filed in relation to this case is not supported by any valid interest in the Blunts' property. Serafine

filed the Lis Pendens with the Travis County Real Property Records with the intention to cause the Blunts financial injury. Serafine's actions violate Chapter 12 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE.

Pursuant to Section 27.003 of Chapter 27, Civil Practice And Remedies Code (Texas Citizens Participation Act) appellant filed a motion to dismiss the Blunts' counterclaims. The trial court held a hearing on and subsequently signed an order denying the motion. Pursuant to Section 27.008 of the Civil Practice And Remedies Code, appellant filed this interlocutory appeal from the trial court's ruling.

On May 1, 2015, this Court issued a written opinion in which the court (1) reversed in part the trial court's order denying appellant's motion to dismiss, and dismissed the Blunts' counterclaims to the extent that they assert claims based on Serafine's filing of the underlying lawsuit and a lis pendens, (2) affirmed in part the trial court's order denying appellant's motion to dismiss, concluding that the Blunts' counterclaim for tortious interference with contract may proceed to the extent that it is based on allegations of threatening conduct by Serafine outside of the filing of the underlying lawsuit and lis pendens, and (3) remanded the case to the trial court

for further proceedings consistent with the written opinion, including consideration by the trial court of an award under Section 27.009 of costs and fees relating to the motion to dismiss.

In the May 1, 2015, written opinion the Court said the following (*See, Opinion, p. 17*):

"Serafine requests that if we reverse the trial court's order, we remand the case to the trial court for consideration of an award of relief under Section 27.009. Section 27.009 provides that if the court orders dismissal of a legal action under the Act, the court shall award the movant "(1) court costs, reasonable attorney's fees, and other expenses incurred in defending against the legal action as justice and equity may require; and (2) sanctions against the party who brought the legal action as the court determines sufficient to deter the party who brought the legal action from bringing similar actions described in this chapter." Tex. Civ. Prac. & Rem. Code § 27.009. Accordingly, we remand the case to the trial court for the court to consider an award under Section 27.009. *See Combined Law Enforcement Ass'n of Tex.*, 2014 WL 411672, at *11

(concluding that Act's fees provisions are not mandatory)".

For the reasons stated below appellant requests the Court to reconsider the suggestion that the award of attorney fees under 27.009(a) is not mandatory.

## GROUNDS FOR REHEARING

THE COURT HAS ERRONEOUSLY SUGGESTED THAT THE AWARD OF ATTORNEY FEES UNDER 27.009 IS NOT MANDTORY.

### *Argument & Authorities*

Section 27.009 of the Texas Civil Practice and Remedies Code provides as follows:

> Sec. 27.009. DAMAGES AND COSTS. (a) If the court orders dismissal of a legal action under this chapter, the court shall award to the moving party:
>
> (1) court costs, reasonable attorney's fees, and other expenses incurred in defending against the legal action as justice and equity may require; and

(2) sanctions against the party who brought the legal action as the court determines sufficient to deter the party who brought the legal action from bringing similar actions described in this chapter.

(b)    If the court finds that a motion to dismiss filed under this chapter is frivolous or solely intended to delay, the court may award court costs and reasonable attorney's fees to the responding party.

The Court cites *Combined Law Enforcement Associations of Texas (CLEAT) v. Sheffield* (Tex. App. – Austin # 03-13-00105-CV, 01-31-2014, pet filed) as a case "concluding that (Section 27.009) fees provisions are not mandatory".  In that case Sheffield filed a defamation action against CLEAT who responded with a 27.003 motion to dismiss. The trial court denied the motion and CLEAT filed an interlocutory appeal. In the Court of Appeals Sheffield argued, among other things, that the TCPA violates the "open courts" provision of the Texas Constitution because the mandatory fees provisions of Section 27.009 create a financial barrier that unreasonably impedes his access to the courts. In dismissing this argument the Court Of Appeals said the following (*See Opinion, p. 18*):

"… Sheffield has not shown that fees awards are mandatory under the TCPA, much less that they violate the open-courts provision".

"While the introductory language of subsection (a) uses the seemingly mandatory term "shall award," the subsequent language tempers the conditions for making an award with discretionary terms like "justice" and "equity" and "sufficient to deter." *Id.* A trial court may decide that justice and equity do not require that costs, fees, or expenses be awarded and may determine that no sanctions are needed to deter the plaintiff from bringing similar actions. These provisions do not mandate an award and do not violate the open-courts guarantees on their face. As no fees were awarded, the provisions as applied here did not violate the open-courts provisions".

Appellant submits that under established rules of statutory construction, the sketchy analysis employed in *CLEAT v. Sheffield* is faulty and has resulted in an erroneous interpretation of Section 27.009(a).

A court's primary obligation in construing a statute is to ascertain and give effect to the

Legislature's intent. *Tex. Gov't Code § 312.055; 20801, Inc. v. Parker, 249 S.W.3d 392, 396 (Tex. 2008); Tex. Dept. Of Prot. & Reg. Servs. V. Mega Child Care, Inc., 145 S.W.3d 170, 176 (Tex. 2004); Greater Houston Partnership v. Abbott, 03-11-00130-CV (Tex. App.-Austin 1-31-2013).* In determining legislative intent, the entire statute, not just isolated portions, must be analyzed. *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex. 2003). The objective sought to be obtained by the statute is relevant to a determination of legislative intent. *Tex. Gov't Code § 311.023(1),(5).* It must be presumed that every word and phrase of the statute was used for a purpose and no construction of the statute should render any word or phrase superfluous or meaningless. *Cities of Austin, Dallas, Ft. Worth & Hereford v. S.W. Bell Tel. Co., 92 S.W.3d 434, 3442 (Tex. 2002); City of Marshall v. City of Uncertain, 206 S.W.3d 97, 105 (Tex. 2006). Energy Gulf States, Inc. v. Summers, 282 S.W.3d 433, 442 (Tex. 2009).*

The objective of anti-SLAPP statutes like Chapter 27 of the Texas Civil Practice and Remedies Code is discouragement of unmeritorious and vexatious lawsuits designed to have a chilling effect on certain constitutional rights, including the right to petition See, *Exxon Mobile Pipeline Company v. Coleman*, 05-14-

00188-CV (Tex.App.-Dallas 5-12-2015); *American Heritage Capital, LP v. Gonzalez*, 436 S.W.3d 865 (Tex. App. Dallas 2014, no pet.). That objective is thwarted if the award of costs and reasonable attorney fees to the ultimately successful movant under Section 27.003 is not mandatory. Citizens who have no assurance that they will collect costs and reasonable attorney fees if successful in challenging an unmeritorious and vexatious lawsuit will be discouraged from seeking the relief provided by Section 27.003.

Section 27.009 is divided into two subsections. Subsection (a), in mandatory terms, provides that the court "shall award" court costs and reasonable attorney fees to a successful 27.003 movant. Subsection (b) provides in discretionary terms that the court "may award" costs and reasonable attorney fees to the responding party if a 27.003 motion to dismiss is found to be frivolous. The Court's analysis of 27.009(a) in *CLEAT v. Sheffield* ignores the contrasting "may award" language in 27.009(b). If a mandatory award of attorney fees to a successful 27.003 movant was not intended, the legislature would not have used the mandatory term "shall award" in Section 27.009(a) and would have, instead, used the discretionary term "may award" as contained in Section 27.009(b).

Of course, the phrase in Subsection (1) of Section 27.009(a), to wit: "as justice and equity may require" cannot be ignored. Appellant submits that the most reasonable and harmonious interpretation of Subsection (1) is that the phrase "as justice and equity may require" modifies only "other expenses incurred in defending against the legal action". In this regard it is important to note that there is no comma between the phrase "other expenses incurred in defending against the legal action" and the phrase "as justice and equity may require" as there would be if the legislature intended the phrase "as justice and equity may require" to modify all three categories of compensation set forth in Subsection (1). Moreover, "Court costs" is a definitive category of compensation and "reasonable attorney fees" are circumscribed by well established factors such as experience, hours devoted to specific tasks, and customary charges in the specific locality. On the other hand, "other expenses" is a less well-defined term and the decision that a particular expense other than court costs and attorney fees is best left to a court's determination that justice and equity require reimbursement for that particular expense.

Finally, appellant would point out that attorney fees are awarded under Section 27.009(a) only after an

adjudication that the 27.003 movant was required to defend against an insufficiently founded cause of action. It makes little sense to re-determine in satellite litigation whether the award of *reasonable* attorney fees is "just" and "equitable." Such a re-determination will eventually lead to errors of law and abuses of discretion that will defeat the objective of the statute.

WHEREFORE, appellant prays that this motion for rehearing will be granted and that upon said rehearing the Court will withdraw the suggestion that the award of court costs, attorney fees, and the imposition of sanctions under Section 27.009(a) of the Texas Civil Practice and Remedies Code are not mandatory, and will remand the case to the trial court with instructions to award to Appellant court costs and reasonable attorney fees associated with her efforts to obtain a dismissal of Appellees' unmeritorious counterclaims, and to impose sanctions that are sufficient to deter appellees from bringing similar actions.

RESPECTFULLY SUBMITTED BY

/s/ Ray Bass

_____
RAY BASS, ATTORNEY
SBN 01884000

120 WEST 8TH STREET
GEORGETOWN, TEXAS 78626
TEL:  512-863-8788
FAX:  512-869-5090

Email: ray@raybass.com


## CERTIFICATE OF COMPLIANCE


   Pursuant to Rule 9.4(i)(2) the below signed counsel for appellant certifies that the foregoing Appellant's Brief, excluding the parts listed in Rule 9.4(i)(1), contains 1841 words less than 4500 words.


                           /s/ Ray Bass

                           _____
                           Ray Bass

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Appellant's Brief has been served via the method indicated below, to the person(s) noted below on this, the 16th day of May, 2015.


Doran D. Peters
HAJJAR, SUTHERLAND, &bPETERS, LLP
3144 Bee Cave Road
Austin, Texas  78746

Attorney For Appellees
*Via facsimile* (512) 637-4958
Via Email dpeters@legalstrategy.com


/s/ Ray Bass

RAY BASS